IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. NO. 2:05-CR-0189-F |
| | ) | |
| | ) | |
| ENRIQUE ALCARAZ-BARAJAS | ) | |

**MOTION *IN LIMINE*** 

**COMES NOW** the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and moves this Court *in limine* to exclude from the trial in this cause the evidence and testimony identified below.  As grounds therefore, the Government offers the following:

1.  Defendant ("Alcaraz") was indicted on September 8, 2005 and arraigned on September 21, 2005.  Subsequently, this Court filed an Order on Arraignment ("Order") (doc. #14), in which it set two days before the pretrial conference in this matter as a deadline for pretrial motions. Order, at 2.  The pretrial conference on this matter was held on October 17, 2005, thus the pretrial motion deadline was October 13, 2005.  To date, Alcaraz has filed no pretrial motions.

**EVIDENCE OR ARGUMENT RELATING TO THE
ADMISSIBILITY OF EVIDENCE OR STATEMENTS**

2.  Alcaraz was initially taken into custody as a result of a traffic stop conducted on a vehicle in which Alcaraz was a passenger.  During the course of the stop, officers obtained consent to search the vehicle.  During the search of the vehicle, officers discovered over $500,000 in United States ("U.S.") currency.  The United States intends to show that during the investigation of this currency,

after being Mirandized, Alacaraz claimed to be a naturalized U.S. citizen to agents of the Bureau of Immigration and Customs Enforcement ("ICE"). Later, Alcaraz confessed to lying to the ICE agents and admitted that he was not, in fact, a U.S. citizen. This is the basis for Alcaraz's charge–impersonating a U.S. citizen.

3. A defendant may move to suppress evidence as Fed. R. Crim. P. 12 provides. Fed. R. Crim. P 41(h). Such a motion must be made before trial. Fed. R. Crim. P. 12(a)(3)(C). Except for good cause, the court must decide this motion prior to trial. Fed. R. Crim. P. 12(d). To minimize the delay caused by attacks made during trial on the admissibility of evidence, and to eliminate from the trial disputes that are not relevant to the question of guilt or innocence, the above-referenced rules require that these attacks, and resolution of them, be made prior to trial, unless there is some good cause shown. United States v. Montos, 421 F.2d 215, 220 (5th Cir. 1970).[1]

4. Accordingly, the United States moves to preclude any testimony, evidence, or argument regarding the legality of the traffic stop, the consent to search the vehicle, the voluntariness of Alcaraz's statements to law enforcement, or any other claim that evidence obtained was in violation of the Fourth, Fifth, or Sixth Amendments to the U.S. Constitution, or caselaw interpreting those amendments–issues which should have been raised in a pretrial motion to suppress.

**EVIDENCE OR ARGUMENT RELATING TO WHETHER
ALCARAZ'S RACE HAD ANY IMPACT ON THE INITIAL SEIZURE**

5. The government anticipates that Aclaraz may offer at trial that the only reason that the vehicle in which he was a passenger was stopped by law enforcement was his race or ethnicity. Such

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

a claim would be governed by the Fourteenth Amendment. United States v. Whren, 517 U.S. 806, 813 (1996). A Fourteenth Amendment claim of this nature does not provide for an exclusionary or suppression remedy. See United States v. Armstrong, 517 U.S. 456, 461, n.2 (1996); and United States v. Chavez, 281 F.3d 479, 486-87 (5th Cir. 2002). Nevertheless, even if this were the proper forum for this claim, Alcaraz has failed to raise this issue in a proper pretrial motion where he would be required to allege a claim, substantiated by evidence, to meet the requisite predicate of an equal protection violation. See Washington v. Davis, 239-42 (1976); Armstrong, 517 U.S. 456, United States v. Bullock, 94 F.3d 896, 898-99 (4th Cir. 1996), and United States v. Travis, 62 F.3d 170, 173-74 (6th Cir. 1995) (defendant must prove by a preponderance of evidence that police decided to approach him solely because of race); See also 13 Amjur. POF 2d 609 ("To establish claim of selective prosecution based on racial or ethnic profiling, movant must demonstrate that criminal laws were directed so exclusively against a particular class as to amount to a practical denial of equal protection under the law."). The trial in this matter is the inappropriate forum for such a claim by Alacaraz. Fed. R. Crim. P. 12; Montos, 421 F.2d at 220; Order, at 2.

## CONCLUSION

6. Because, in the instant cause, Alcaraz has failed to raise the above-referenced issues by way of proper pretrial motions, and because testimony, evidence, or argument related to the above-referenced issues would be immaterial, irrelevant, unfairly prejudicial, and would lead to confusion of the issues, mislead the jury, cause undue delay, and waste time and resources, the government respectfully requests this Court preclude any testimony, evidence, or argument related to the above-referenced issues. Fed. R. Evid. 401, 402, 403.

Respectfully submitted this the 28th of October, 2005.

>LEURA GARRETT CANARY
>UNITED STATES ATTORNEY
>
>s/Todd A. Brown
>TODD A. BROWN
>Assistant United States Attorney
>One Court Square, Suite 201
>Montgomery, AL 36104
>Phone: (334)223-7280
>Fax: (334)223-7135
>E-mail: todd.brown@usdoj.gov
>ASB-1901-O64T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.        ) | CR. NO. 2:05-CR-0189-F |
| ) | |
| ) | |
| ENRIQUE ALCARAZ-BARAJAS  ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification of such filing to the following: Jerome C. Carter, Esquire.

Respectfully submitted,

/s/Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: todd.brown@usdoj.gov
ASB-1901-O64T